IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Brent Farnsworth, )<br><br>Petitioner, )<br><br>vs. )<br><br>Conrad Graber, )<br><br>Respondent. )<br>_____ ) | No. CIV-10-533-TUC-FRZ (GEE)<br><br>**REPORT AND<br>RECOMMENDATION** |

On August 31, 2010, Richard Brent Farnsworth, an inmate confined in the Federal Correctional Institution in Phoenix, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241.  (Doc. 2) Farnsworth claims he is entitled to sentencing credit for time spent incarcerated prior to sentencing from 12/11/06 to 3/21/07.

Also pending is the petitioner's motion to amend the petition filed on September 30, 2010.  (Doc. 8)  The petitioner, Richard Brent Farnsworth, moves that the court permit him to add an additional claim for relief.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation.  The petition should be denied on the merits. Pre-sentence credit is not allowed for time credited to another sentence.  The motion to amend should be denied as futile.

1    Background

2        Farnsworth was convicted in the U.S. District Court for the District of Utah for

3    possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  (Respondent's answer,

4    p. 2)  On March 21, 2007, the trial court sentenced Farnsworth to a 96-month term of

5    imprisonment.  *Id.*  The Bureau of Prisons (BOP) projects Farnsworth will be released from

6    federal prison on March 8, 2014.  *Id.*

7        This federal prosecution took place while Farnsworth was already in state custody.  On

8    August 26, 2006, Farnsworth was arrested by Utah state authorities on an outstanding warrant

9    for theft by deception.  (Respondent's answer, Exhibit 1)  He was found in possession of a

10   loaded Colt .380 automatic pistol and methamphetamine.  *Id.*  The next day, state authorities

11   executed a warrant for parole violation and resumed running a previous sentence for distribution

12   and possession/use of a controlled substance.  *Id.*  On December 11, 2006, Farnsworth's parole

13   was formally revoked.  (Doc. 13) (Exhibit 1)

14       Previously, on October 26, 2006, federal authorities filed a complaint in U.S. District

15   Court for the District of Utah for possession of a firearm by a felon and possession of a

16   controlled substance with intent to distribute. (Respondent's answer, Exhibit 1) On November

17   3, 2006, Farnsworth was transported to federal court for an initial appearance and then returned

18   to state custody.  *Id.*  Farnsworth pleaded guilty to possession of a firearm by a felon and was

19   sentenced to a 96-month term of imprisonment on March 21, 2007.  *Id.*

20       Farnsworth subsequently filed a motion to amend sentence arguing that his federal

21   sentence should run concurrent to his existing state sentence.   (Respondent's answer,

22   Attachment 9)  On May 11, 2009, the district court granted the motion and ordered his federal

23   sentence to run concurrent to his undischarged state sentence.  *Id.*

24       On August 31, 2010, Farnsworth filed his petition for writ of habeas corpus pursuant to

25   28 U.S.C. §2241.  He claims he is entitled to sentencing credit for time spent incarcerated from

26   12/11/06 to 3/21/07 – from the date his state parole was formally revoked to the date his federal

27   sentence was imposed.

28

1    The respondent filed an answer on October 7, 2010.  He concedes the claim is exhausted
2    but argues it should be denied on the merits.

3

4    Discussion

5    Pre-sentence credit is calculated pursuant to 18 U.S.C. §3585, which reads in pertinent
6    part as follows:

7

8    A defendant shall be given credit toward the service of a term of imprisonment
     for any time he has spent in official detention prior to the date the sentence
     commences –

9

10   (1) as a result of the offense for which the sentence was imposed; or

11   (2) as a result of any other charge for which the defendant was arrested after the
     commission of  the offense for which the sentence was imposed;

12   *that has not been credited against another sentence.*

13   18 U.S.C. §3585(b) (emphasis added).

14   In his petition, Farnsworth argues he is entitled to sentencing credit for time spent
15   imprisoned between December 11, 2006, when his parole was revoked, and March 21, 2007,
16   when his federal sentence was imposed.  This time, however, was credited toward his previously
17   imposed state sentences for distribution of a controlled substance (#981700210) and
18   possession/use of a controlled substance (#031101327).  (Respondent's answer, Exhibit 1, ¶3)
19   Accordingly, this time cannot be credited toward his federal term of imprisonment.  *See* 18
20   U.S.C. §3585(b); *U. S. v. Wilson*, 503 U.S. 329, 332-333 (1992) (recognizing that time credited
21   toward a state sentence could not be credited later toward a federal sentence); *Kovach v. Smith*,
22   2009 WL 2567834, *3 (E.D.Cal. 2009); *Simmons v. Federal, Prison Employees, of the Federal
23   Bureau of Prisons,*  639 F.Supp.2d 402, 405 (S.D.N.Y. 2009).

24   Farnsworth argues that the BOP's decision to deny him pre-sentence credit is
25   inconsistent with the trial court's order running his federal sentence concurrent to his
26   undischarged state sentences.  He is incorrect.

27   The trial court's order governed how the federal sentence was to run after it was imposed
28   on March 21, 2007.  The trial court's order did not address the issue of pre-sentence credit.  This

is a separate issue which is determined by the BOP, not the trial court.  *See United States v. Wilson*, 503 U.S. 329, 333 (1992); *Dutton v. U.S. Attorney General*, 713 F.Supp.2d 194, 199 n. 3 (W.D.N.Y. 2010).   The trial court's order running his sentence concurrent to his undischarged state sentence is not inconsistent with the BOP's decision to deny him pre-sentence credit for the period from December 11, 2006 to March 21, 2007.

Discussion: Motion to Amend

On September 30, 2010, Farnsworth filed a motion to amend the petition.  (Doc. 8)  He moves that this court permit him to amend the complaint to add an additional claim for relief. He now argues he is entitled to pre-sentence credit for the period from August 26, 2006 to December 10, 2006 – from the date of his arrest to the date his state parole was formally revoked.

"Once a responsive pleading has been filed, as is the case here, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (internal punctuation removed).  When deciding whether to grant the motion, the court should consider four factors: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment.  *Roth*, 942 F.2d at 628.  "The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed for abuse of discretion and in light of the strong public policy permitting amendment."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995) (internal punctuation omitted), *cert. denied*, 516 U.S. 1051 (1996).  In this case, the motion should be denied because amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990), *cert. denied*, 502 U.S. 921 (1991).

In his motion, Farnsworth explains that on September 27, 2010, he was informed that he would not be receiving pre-sentence credit for the period from August 26, 2006 to December 10, 2006, because this time was credited to his state parole revocation sentence.  He argues that his parole was not officially revoked until December 11, 2006, so the earlier period could not have been credited against this sentence.  Accordingly, he moves to amend his petition to add

1    this additional claim for pre-sentence credit.  The court recommends that the District Court deny

2    the motion to amend.  It would be futile because this claim has not been exhausted.

3           As a prudential matter, habeas petitioners are required to exhaust their administrative

4    remedies before filing their petition.  *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004).

5    This requirement is not jurisdictional, but it serves three important functions:  "(1) agency

6    expertise makes agency consideration necessary to generate a proper record and reach a proper

7    decision; (2) relaxation of the requirement would encourage the deliberate bypass of the

8    administrative scheme; and (3) administrative review is likely to allow the agency to correct its

9    own mistakes and to preclude the need for judicial review."  *Id.*

10          An inmate seeking review of any aspect of imprisonment, including a sentencing

11   calculation, may use the three-step process established by the Bureau of Prisons:

12          First, the inmate must attempt to resolve the problem through the warden, by
            filing a form BP-9. If the inmate is not satisfied with the warden's response he
13          may file form BP-10 with the Bureau's Regional Director. The inmate may
            subsequently appeal to the Bureau General Counsel by filing form BP-11.
14
     *Brown v. Rison*,  895 F.2d 533, 534 (9th Cir. 1990), *overruled on other grounds*, *Reno v. Koray*,
15   515 U.S. 50, 54-55 (1995).

16          Farnsworth has not exhausted his administrative remedies in connection with his new

17   claim for relief.[1]  If he amended his petition, the new claim would be dismissed for failure to

18   exhaust.  Amendment, therefore, would be futile, and the motion to amend should be denied.

19          In the alternative, the court finds that the additional claim, if it were added to the petition,

20   would be denied on the merits.  This period of detention was credited to Farnsworth's

21   previously imposed state sentences for distribution of a controlled substance (#981700210) and

22   possession/use of a controlled substance (#031101327).  (Respondent's answer, Exhibit 1, ¶3)

23

24

25   ────────────────

26          [1]  The court makes this finding based the short interval of time between September 27, 2010,
     the date Farnsworth was informed that he would not be receiving pre-sentence credit for the period
27   from August 26, 2006 to December 10, 2006, and September 30, 2010, the date the motion was filed.
     Since then, Farnsworth has not filed an amendment to his motion informing the court of any further
28   attempts at administrative exhaustion.

Accordingly, this time cannot be credited toward his federal term of imprisonment.  *See* 18 U.S.C. §3585(b).


RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order (1)  denying the Petition for Writ of Habeas Corpus (Doc. 2) and (2) denying the motion to amend (Doc. 8).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.


DATED this 10th day of January, 2011.


Glenda E. Edmonds
United States Magistrate Judge